# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY NUNERY,                Plaintiff,<br><br>vs.<br><br>KERRI L. ROBBINS,                Defendant. | Case No. 02:05-cv-00386-PMP-PAL<br><br>**REPORT OF**<br><br>**FINDINGS AND RECOMMENDATION**<br><br>(M/Dismiss - #28) |

A hearing was conducted in this case on January 17, 2006 at 9:00 a.m. At a prior hearing, conducted November 15, 2005, plaintiff appeared telephonically, and Samuel Kitterman appeared on behalf of the defendant. The court reviewed the procedural history of this matter and the court's prior Order (#23) advising plaintiff of the requirement of Rule 4 of the Fed. R. Civ. P. that service of summons and complaint be made within 120 days of filing of the complaint. The court also advised the plaintiff of the provisions of LR 41-1, which governs dismissal for want of prosecution as to any matter which has been pending for more than nine months without any proceedings of record having taken place.

At the November 15, 2005 hearing, plaintiff advised the court that she had exhausted all avenues to obtain Nevada counsel to represent her in this action, and that she would be appearing in this matter *pro se*. The court gave plaintiff a final sixty-day extension in which to effect service of process, over defendant's objection, advising plaintiff that her failure to effect service as required by Rule 4 of the Fed. R. Civ. P. would result in the recommendation to the District Judge that this action be dismissed without prejudice. The court set a status hearing for January 17, 2006 at 9:00 a.m., and permitted plaintiff to appear telephonically.

///

**FINDINGS**

1. The complaint in this case was filed July 23, 2004 in federal court in the Northern District of Ohio and transferred to the District of Nevada in an Order entered March 24, 2005 (#10).

2. Plaintiff's complaint arises out of an automobile accident which occurred in Clark County, Nevada, on July 26, 2002.

3. Prior to transfer to this district, the District Judge in the Northern District of Ohio entered an order to show cause requiring the plaintiff to perfect service within two weeks or show cause why the action should not be dismissed for want of prosecution.

4. After the action was transferred to this district, the court required the parties to submit a Joint Status Report (#12) and thereafter entered an Order to Show Cause (#13) on April 29, 2005 for the parties' failure to comply with the obligation to file a joint status report.

5. The plaintiff has requested, and received, several extensions to retain Nevada counsel and effect service of process.

6. In an Order entered October 11, 2005 (#23), the court again required plaintiff to show cause, in writing, why a recommendation should not be made to the District Judge to dismiss this case without prejudice for her failure to prosecute, and set a hearing for November 15, 2005.

7. At the November 15, 2005, hearing the court gave plaintiff a final sixty-day extension in which to effect service of process, over defendant's objection, advising plaintiff that her failure to effect service as required by Rule 4 of the Fed. R. Civ. P. would result in the recommendation to the District Judge that this action be dismissed without prejudice.

8. A hearing was conducted on January 17, 2006 at 9:00 a.m. Samuel Kitterman appeared on behalf of the defendant. Plaintiff did not appear telephonically, and did not provide a number at which she could be reached as instructed in the court's prior Order (#26).

9. A written Order entered following the November 15, 2005 hearing (#26) advised plaintiff that her failure to effect service of summons and complaint as ordered would

1 | result in the recommendation to the District Judge that this case be dismissed without
2 | prejudice for her failure to timely serve, and failure to prosecute.
3 | 10. Defendant Robbins filed a Motion to Dismiss (#5) on November 23, 2005.
4 | 11. On December 27, 2005, defendant Robbins filed a Notice of Non-Receipt of Opposition
5 | to Motion to Dismiss.
6 | 12. The plaintiff has not filed an opposition to defendant's motion to dismiss.
7 | 13. The plaintiff has not effected service of summons and complaint as ordered.
8 | 14. This action has now been pending for eighteen months.
9 | 15. Plaintiff has been required to show cause, in writing, on three prior occasions why this action should not be dismissed for her failure to effect service of summons and complaint.
10 | 16. Plaintiff has been specifically advised in at least two written Orders (#23, #26) of the provisions of LR 41-1, and the requirements of Rule 4 of the Fed. R. Civ. P. to effect service of summons and complaint.
11 | 17. Plaintiff has been specifically advised in at least two written Orders (#23, #26) that her failure to effect service of process would result in the recommendation to the District Judge that this matter be dismissed.

Plaintiff having failed to comply with multiple orders of the court, having failed to effect service of summons and complaint for the past eighteen months, and having failed to file an opposition to defendant Robbins' motion to dismiss,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that this matter be dismissed without prejudice for plaintiff's failure to effect service of process, failure to comply with the court's prior orders, and failure to prosecute.

Dated this 19th day of January, 2006.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE